IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EVE WEXLER, | ) | |
| | ) | Civil Action No. |
| Plaintiff | ) | 1:16-cv-01491-TBC-JSA |
| | ) | |
| v. | ) | ANSWER |
| | ) | |
| KENNESAW PEDIATRICS, P.C., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| _____ | ) | |

## DEFENDANT KENNESAW PEDIATRICS, P.C.'S ANSWER TO COMPLAINT

COMES NOW, Defendant Kennesaw Pediatrics, P.C. ("Defendant" or "Kennesaw Pediatrics"), by and through its counsel, and files this Defendant Kennesaw Pediatrics, P.C.'s Answer to Plaintiff's Complaint:

### Background and Related Case

Plaintiff Eve Wexler was a pediatrician at Kennesaw Pediatrics until she was fired on May 15, 2014 for soliciting Dr. Seth, another pediatrician at Kennesaw Pediatrics, about opening a medical practice with Dr. Wexler and Dr. Axelrod, in violation of the terms of her written employment contract. After Dr. Seth brought the matter to the attention of Dr. Mark Long, defendant's medical director, Dr.

Long then raised the matter with Dr. Axelrod, who essentially admitted the discussions.  Dr. Long then confronted Dr. Wexler with the allegations.  Dr. Wexler denied the solicitation activities and Dr. Long fired her.

After she was fired, Dr. Wexler refused to return a $5,000 signing bonus, which she was contractually obligated to return and she also failed to properly perform her obligation to obtain tail insurance.  After negotiations failed, on July 29, 2014 Kennesaw Pediatrics filed a complaint against her in the Superior Court of DeKalb County, Georgia, styled *Kennesaw Pediatrics, P.C. v. Eve Wexler, M.D.*, Civil Action No. 14cv7660-2.  Dr. Wexler filed her EEOC complaint on October 24, 2014.  The Superior Court litigation is ongoing at the time of the filing of this Answer.

### First Defense

The Complaint fails to state a claim upon which relief may be granted as to some or all of her claims.

### Second Defense

Plaintiff's Title VII claims are barred in part by her failure to file timely charges with the EEOC (or to amend timely the charges that she filed).  More particularly, her retaliation claim is barred and her (implied) claim of a hostile

environment prior to her firing are barred because they are not in her EEOC complaint.

### Third Defense

All discrimination claims of Plaintiff which were not included in her EEOC Charge are barred as outside the scope of those charges.

### Fourth Defense

All actions taken by Defendant with regard to Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory reasons.

### Fifth Defense

Plaintiff has failed to mitigate her damages.

### Sixth Defense

Some or all of Plaintiff's claims are barred by the statute of limitations.

### Seventh Defense

To the extent that Plaintiff's Title VII claims contain allegations not encompassed within Plaintiff's charge before the EEOC, this Court lacks jurisdiction over any such allegations.

### Eighth Defense

All actions taken by Defendant with regard to Plaintiff were taken in good faith.

**Ninth Defense**

Plaintiff has failed to plead sufficient facts to set forth a claim for punitive damages against Defendant.

**Tenth Defense**

Plaintiff's claim for punitive relief are barred, inasmuch as Plaintiff cannot show that Defendant showed willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care which would raise the presumption of indifference to consequences.

**Eleventh Defense**

An award of punitive damages against the Defendant would violate the Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

**Twelfth Defense**

An order of punitive damages against Defendant in this case would violate the equal protection provisions of the Fourteenth Amendment to the United States Constitution.

**Thirteenth Defense**

Plaintiff has failed to allege facts sufficient to establish a *prima facie* case of sex discrimination or pregnancy-based discrimination or retaliation.  She also fails

to allege facts showing that the proffered reason for her firing, *i.e.*, that she solicited Dr. Seth, was a pretext for unlawful gender or pregnancy discrimination. In paragraph 56 of Plaintiff's Complaint, she acknowledges that she approached Dr. Seth about having dinner with Dr. Axelrod and herself in order talk about the "idea of opening a medical practice." Dr. Wexler was fired for this solicitation, which Dr. Wexler admits actually occurred. In paragraphs 64 – 71 of her Complaint, Dr. Wexler alleges that Dr. Long was angry with her because Dr. Long thought that Dr. Wexler "was trying to steal his employees and open a new practice." Complaint ¶67. Here again Dr. Wexler seems to acknowledge that the stated reason for her firing, *i.e.,* soliciting Dr. Seth, was in fact the real reason she was fired and not a pretext (otherwise, why would Dr. Long be angry and, allegedly, yelling at her because she "was trying to seal his employees"?).

### Fourteenth Defense

Plaintiff's claim for compensatory and punitive damages under Federal law are subject to the limitations imposed by 42 U.S.C. § 1981a(b)(3).

### Fifteenth Defense

Plaintiff's claims are barred by the doctrines of failure of conditions precedent and waiver.

### Sixteenth Defense

Plaintiff's claims are barred by the doctrine of estoppel.

**Seventeenth Defense**

Plaintiff's claim for equitable relief is barred by the doctrine of unclean hands.

**Eighteenth Defense**

Plaintiff's claims do not rise out of an injury that was proximately caused by any policy or procedure of Defendant.

**Nineteenth Defense**

Kennesaw Pediatrics makes a practice of proving employees who are nursing mothers with adequate breaks and a suitable place to pump during work if the employee requests it, and Kennesaw Pediatrics provided these benefits to Dr. Wexler (and even paid her for time during her scheduled morning and afternoon pump breaks) while she was employed. Moreover, she was fired for soliciting another doctor at work, not because she was lactating or pumping at work. However, "pumping" is not a "medical condition" related to "pregnancy" or "childbirth" within the meaning of 42 U.S. Code § 2000e-(k). Therefore, alleged discrimination against an employee on the basis of lactating while "on the job" or expressing a desire to continue to pump at work cannot be the basis of sex discrimination under Title VII.

**Twentieth Defense**

Defendant answers the individually enumerated paragraphs of Plaintiff's Complaint as follows:

## I.    <u>Parties</u>

1.

Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## II.   Jurisdiction and Venue

### 5.

Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

### 6.

Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## III.   Facts

### 7.

Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

### 8.

Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

### 9.

Defendant admits that the Plaintiff was fired by Dr. Mark Long, president of Kennesaw Pediatrics, P.C. on approximately May 15, 2014.   The remaining allegations contained in Paragraph 9 of the Plaintiffs' Complaint are denied.  Dr.

Wexler was fired because she had solicited Dr. Seth with respect to opening a new medical practice, in violation of the terms of her written employment agreement.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant does not have knowledge of Plaintiff's feelings and accordingly denies the allegations contained in Paragraph 11 of Plaintiff's Complaint. Defendant made every effort to accommodate Defendant's pumping schedule, it arranged for her to have the use of a private office to pump, and installed a lock, at Dr. Wexler's request, on the office, and provided her with two pumping periods, in the morning and in the afternoon, in addition to her lunch break, during which she had time to pump, and paid her for the two pumping periods.

12.

Defendant admits that it fired the Plaintiff because she tried to solicit other doctors to leave Defendant's practice; Defendant could also have fired Plaintiff for lying about her solicitations but did not state that as a reason for her firing at the time.

9

13.

Defendant admits that it amended its complaint against Dr. Wexler on September 29, 2015 to include, as an additional ground for firing her for cause, that she lied to Dr. Long about her solicitations.  The primary purpose of the amendment was to address pleading requirements under the Georgia Restrictive Covenant Act that had been omitted.  The remaining allegations contained in Paragraph 13 of the Plaintiffs' Complaint are denied.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Dr. Wexler clearly solicited Dr. Seth to join her in a new medical practice and that necessarily entails leaving Kennesaw Pediatrics and joining the new practice, whether or not it involved working for Dr. Wexler.  Defendant accordingly denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Dr. Wexler clearly solicited Dr. Seth to join her in a new medical practice and that necessarily entails leaving Kennesaw Pediatrics and joining the new

practice.  Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Dr. Wexler clearly solicited Dr. Seth to join her in a new medical practice and that necessarily entails leaving Kennesaw Pediatrics and joining the new practice.  Defendant accordingly denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant is without sufficient knowledge at this time to either admit or deny the allegations contained in Paragraph 18 of the Plaintiff's Complaint and, therefore, denies the same.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant admits that it gave Dr. Wexler two pumping breaks, plus lunch, in which to pump.  The remaining allegations contained in Paragraph 21 of the Plaintiff's Complaint are denied.

22.

Defendant denies the allegations contained in Paragraph 22 of the Plaintiff's Complaint and states that Plaintiff was given time to pump in the morning and in the afternoons in addition to her lunch break.

23.

Defendant denies the allegations in paragraph 23 of Plaintiff's Complaint.  It is possible that Dr. Wexler may have pumped in a bathroom, but she was never required or instructed to do so, and in January 2014 she was provided with a secured office in which to pump.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant admits that it provided an office for Dr. Wexler to pump in January 2014.  The remaining allegations contained in Paragraph 26 of the Plaintiff's Complaint are denied.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.  Defendant admits that Dr. Wexler's productivity was low and also admits that she was not entitled to a productivity bonus during the first six months of her employment.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.  Plaintiff admits that it made every effort to accommodate Dr. Wexler's pumping needs.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendant denies the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiff's
Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's
Complaint.

39.

Defendant admits that Plaintiff was fired on May 15, 2014 but believes that
Dr. Long had given her a good review several days prior thereto and accordingly
denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

Defendant admits the allegations contained in Paragraph 40 of Plaintiff's
Complaint.

41.

Defendant admits the allegations contained in Paragraph 41 of Plaintiff's
Complaint.

42.

Defendant denies the allegations contained in Paragraph 42 of the Plaintiffs'
Complaint.

43.

Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.

Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.

Defendant denies the allegations contained in Paragraph 49 of the Plaintiff's

Complaint.  The level of excitement expressed by Dr. Wexler in her May 12, 2014

e-mail to Dr. Axelrod shows that she was not engaged in a hypothetical exercise.

50.

Defendant is without sufficient knowledge at this time to either admit or

deny the allegations contained in Paragraph 50 of the Plaintiff's Complaint and,

therefore, denies the same.

51.

Defendant denies the allegations contained in Paragraph 51 of Plaintiff's

Complaint.

52.

Defendant admits the allegation contained in Paragraph 52 of Plaintiff's

Complaint that the Plaintiff was excited, was forming bonds and discussing

opening a new medical practice with colleagues Dr. Axelrod and Dr. Seth.

Defendant denies the allegation contained in Paragraph 52 of Plaintiff's Complaint

that the excitement was related to forming bonds rather than being excited about

the new planned practice and the Defendant denies that the Plaintiff's intent was

'one day' as to imply it was way in the future.  Further, the Defendant answers

Paragraph 52 of Plaintiff's Complaint and states, on information and belief, the

Plaintiff was seeking other employment because she was dissatisfied with her

scheduling and therefore planned to open a new pediatric practice with less

scheduling requirements.  The actions by the Plaintiff of setting a planning meeting

and asking others to participate move the discussions beyond a 'dream'.

53.

Defendant denies the allegation contained in Paragraph 53 of Plaintiff's

Complaint.  Further, the Defendant answers Paragraph 53 of Plaintiff's Complaint

and states, on information and belief, the Plaintiff approached Dr. Axelrod in

discussions on at least two separate occasions about her (Dr. Wexler's) desire to

open a pediatric office.  The Plaintiff and Dr. Axelrod agreed that they would need

a third doctor in the new pediatric medical practice to relieve them of scheduling

concerns.  The Plaintiff on May 12, 2014 solicited, by email, Dr. Axelrod for the

purpose of establishing a dinner meeting to discuss the new pediatric practice. Dr.

Axelrod responded to the email by agreeing to the proposed date and asked the

Plaintiff, "Do you want to talk to Jagdish (Dr. Seth) on Wednesday?'  The Plaintiff

said, "Yes".  Later, the Plaintiff verbally solicited Dr. Seth to join this dinner

meeting with Dr. Axelrod and herself to discuss plans for the pediatric practice.

Therefore, Dr. Axelrod did not ask the Plaintiff to approach Dr. Seth but rather asked if she, the Defendant, _wanted_ to talk to Dr. Seth.

54.

Defendant denies the allegation contained in Paragraph 54 of Plaintiff's Complaint.

55.

Defendant denies the allegation contained in Paragraph 55 of Plaintiff's Complaint.

56.

Defendant admits the allegation contained in Paragraph 56 of Plaintiff's Complaint that the Plaintiff approached Dr. Seth to talk about work and the idea of opening a medical practice.  Defendant denies the remaining allegations that the idea of opening a medical practice was Dr. Axelrod's idea.

57.

Defendant denies the allegation contained in Paragraph 57 of Plaintiff's Complaint.

58.

Defendant denies the allegation contained in Paragraph 58 of Plaintiff's Complaint.

59.

Defendant denies the allegation contained in Paragraph 59 of Plaintiff's Complaint.

60.

Defendant denies the allegation contained in Paragraph 60 of Plaintiff's Complaint.

61.

On information and belief Defendant admits the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

Defendant is without sufficient knowledge at this time to either admit or deny the allegations contained in Paragraph 62 of the Plaintiff's Complaint and, therefore, denies the same.

63.

Defendant denies the allegation contained in Paragraph 63 of Plaintiff's Complaint.

64.

Defendant admits the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

Defendant admits the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.  Plaintiff admits that Dr. Long was angry with Dr. Wexler for soliciting at least one, possibly two, physicians who worked at Kennesaw Pediatrics.

67.

Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.

Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.

Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.

Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

Defendant admits the allegations contained in Paragraph 71 of Plaintiff's

Complaint.

72.

Defendant denies the allegations contained in Paragraph 72 of Plaintiff's

Complaint.

73.

Defendant admits the allegations contained in Paragraph 73 of Plaintiff's

Complaint.

74.

Defendant admits the allegations contained in Paragraph 74 of Plaintiff's

Complaint.

75.

Defendant admits the allegations contained in Paragraph 75 of Plaintiff's

Complaint.

76.

Defendant denies the allegations contained in Paragraph 76 of Plaintiff's

Complaint.

77.

Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.

Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.

Defendant denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.

Defendant admits the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.

Defendant admits the allegation contained in Paragraph 81 of Plaintiff's Complaint that the Plaintiff, Dr. Wexler, violated the solicitation clause. Defendant denies the allegation contained in Paragraph 81 of Plaintiff's Complaint that Dr. Axelrod initiated the discussions which violated the solicitation clause. Rather, Defendant answers Paragraph 81 of Plaintiff's Complaint and states, on information and belief, the Plaintiff was the initiator of the idea and solicitor of other employees for the purpose of opening a new pediatric practice.  The Plaintiff

verbally engaged Dr. Axelrod into a discussion about opening a pediatric practice, then on May 12, 2014 solicited, by email, Dr. Axelrod for the purpose of establishing a dinner meeting.  Later, the Plaintiff verbally solicited Dr. Seth to join this dinner meeting with Dr. Axelrod and herself to discuss plans for opening a pediatric practice. Dr. Seth reported this solicitation to the Defendant.  The Defendant asked Dr. Axelrod if this was true and she stated it was but the Plaintiff denied the matter.  The Plaintiff was terminated for cause.  Therefore, the Defendant believes that the Plaintiff, Dr. Wexler, initiated the discussions.

82.

Defendant admits the allegation contained in Paragraph 82 of Plaintiff's Complaint that the Plaintiff was pumping breast milk at the time of being fired, but denies that she was fired because she was pumping breast milk.

83.

Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint that the Defendant fired the Plaintiff because she intended to pump breast milk for her potential future children.

84.

Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.

Defendant denies the allegations contained in Paragraph 85 of Plaintiff's

Complaint.

86.

Defendant denies the allegations contained in Paragraph 86 of Plaintiff's

Complaint.

87.

Defendant admits the allegation contained in Paragraph 87 of Plaintiff's

Complaint that it has filed a lawsuit against the Plaintiff and that the lawsuit is

ongoing but denies discrimination against the Plaintiff or that the lawsuit is

baseless.  The lawsuit is styled *Kennesaw Pediatrics, P.C. v. Eve Wexler, M.D.*,

Superior Court of DeKalb County, Georgia, No. 14cv7660-2 (the "Superior Court

Action").

88.

Defendant admits the allegation contained in Paragraph 88 of Plaintiff's

Complaint that Defendant is seeking relief in the Superior Court Action for

damages for breach of contract and the lawsuit does not seek relief to cease

"solicitation activities".  Further, the Defendant answers Paragraph 88 of Plaintiff's

Complaint and states, on information and belief, that the Defendant is not aware of

current "solicitation activities" that would cause the Defendant to seek relief from the Superior Court for "solicitation activities".   The remaining allegations contained in Paragraph 88 of Plaintiff's Complaint are denied.

89.

Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.

Defendant admits that Dr. Wexler was fired for cause for soliciting Dr. Seth. Defendant also had grounds to fire Dr. Wexler because she lied about her discussions with Dr. Seth and Dr. Axelrod.  The remaining allegations contained in Paragraph 90 of Plaintiff's Complain are denied.

91.

Defendant admits that the proposed separation agreement stated that she had engaged in solicitation but does not mention lying.  Defendant denies the remaining allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.

Defendant admits that its amended complaint in September 29, 2015 contained, as an additional ground for termination for cause, that Defendant denied having solicited Dr. Seth.  Defendant admits that Plaintiff filed her EEOC

26

complaint on October 24, 2014, and that September 29, 2015 falls after this date, but denies any causal connection.  Defendant denies the remaining allegation contained in Paragraph 92 of Plaintiff's Complaint.

93.

Defendant admits the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.

Defendant denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.  When Dr. Wexler denied her solicitation activities on May 15, 2014, and was promptly fired by Dr. Long, she was implicitly on notice that Dr. Long thought she was lying.

95.

Defendant denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.

Defendant denies the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.

Defendant admits the allegations contained in Paragraph 97 of Plaintiff's

Complaint.  Dr. Wexler was replaced by Dr. Stokes, who was a married female,

but who was not then lactating.

98.

Defendant admits the allegations contained in Paragraph 98 of Plaintiff's

Complaint.

99.

Based on the copy of Plaintiff's EEOC complaint in Defendant's possession,

she did file the EEOC complaint on October 24, 2014, and accordingly admits the

allegation.  Defendant denies Plaintiff's EEOC complaint raises a hostile

environment claim and denies that it raises a retaliation claim.

100.

Defendant admits the allegations contained in Paragraph 100 of Plaintiff's

Complaint, but only with respect to the charges actually made in her EEOC

complaint.

101.

Defendant denies the allegations contained in Paragraph 101 of Plaintiff's

Complaint, except to the extent previously admitted.

102.

Defendant admits the allegations contained in Paragraph 102 of Plaintiff's

Complaint that it is subject to "42 U.S. Code § 2000e–2 - Unlawful employment

practices" but Defendant denies that it violated that law.

103.

Defendant admits the allegations contained in Paragraph 103 of Plaintiff's

Complaint that it is subject to the definitions in "42 U.S. Code § 2000e–

Definitions" but Defendant denies violated that law.

## A.     SINGLE-MOTIVE CLAIM

104.

Defendant denies the allegations contained in Paragraph 104 of Plaintiff's

Complaint.

## B.     MIXED-MOTIVE CLAIM

105.

Defendant denies the allegations contained in Paragraph 105 of Plaintiff's

Complaint.

106.

Defendant admits that Plaintiff has requested a jury trial, but this is not a

factual allegation that can be admitted or denied.

## C.      PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief.

**WHEREFORE,** Defendant prays that this Honorable Court will:

1. Dismiss the Complaint with prejudice;

2. Award Defendant's costs;

3.  If the Defendant is the prevailing party, award Defendant attorneys' fees and expenses because Plaintiff's claims are "frivolous, unreasonable or groundless"; and

4. Award Defendant such other and further relief as the Court deems just and equitable.

Respectfully submitted, this 30th day of July, 2016.

/s/Carl L. Sollee
Carl L. Sollee
Sollee Law, LLC
Ga. Bar No. 000242
1376 Sheffield Drive NE
Atlanta, GA 30329
Telephone: (404) 633-8223
Fax: (678) 623-0875
carl@solleelaw.com

Counsel for Defendant and
Plaintiff in Counterclaims
Kennesaw Pediatrics, P.C.

IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EVE WEXLER, | ) | |
| | ) | Civil Action No. |
| Plaintiff | ) | 1:16-mi-99999-UNA |
| | ) | |
| v. | ) | |
| | ) | |
| KENNESAW PEDIATRICS, P.C., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this Answer and Counterclaims

for Damages with the Clerk of Court using the CM/ECF system which will

automatically send e-mail notification to the following attorneys of record:

/s/ Shimshon Wexler
Shimshon Wexler (GA Bar No 436163)
315 W Ponce de Leon Ave Suite 250
Decatur, GA  30030

On this 30th day of May, 2016.

/s/Carl L. Sollee
Carl L. Sollee
Sollee Law, LLC
Ga. Bar No. 000242

32

1376 Sheffield Drive NE
Atlanta, GA 30329
Telephone: (404) 633-8223
Fax: (678) 623-0875
carl@solleelaw.com

Counsel for Defendant
Kennesaw Pediatrics, P.C.