IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

EVE WEXLER
        Plaintiff,

v.

KENNESAW PEDIATRICS, P.C.

        Defendant.

CIVIL ACTION FILE NO.
1:16-cv-01491-TCB-JSA

## DEFENDANT KENNESAW PEDIATRICS' MOTION AND BRIEF TO EXTEND BRIEF PAGE LIMITATION

Comes Now Defendant Kennesaw Pediatrics and moves the Court to allow defendant to file a brief in support of its motion for summary judgment with a maximum page length of 35 pages. Defendant's motion for summary judgment is due on or before January 28, 2017 and defendant requests a ruling on its request prior to the due date of defendant's motion for summary judgment.

Under L.R. 7.1, briefs are limited in length to 25 pages, unless the Court determines otherwise. L.R. 7.1 authorized the Court to allow for longer briefs.

Plaintiff Dr. Wexler, in essence, argues that Defendant Kennesaw Pediatrics had a discriminatory animous against her for pumping at work and

1

fired her because she decided to continue to pump at work (and because she was female).  See Plaintiff's Complaint.  Kennesaw Pediatrics maintains that it fired Dr. Wexler because she solicited another employee at work and then denied doing so.

Defendant requests additional 10 additional pages, for a total of 35, because (i) plaintiff asserts both single motive gender and pregnancy discrimination claims and mixed-motive gender and pregnancy discrimination claims, which have different tests (Plaintiff's Compliant ¶¶104 and 105), (ii) the *Quigg* mixed-motive test is relatively new and may require additional analysis (to do it properly suggests a careful analysis of the facts), and (iii) the defendant would like to properly explore whether Dr. Wexler, when she was fired on May 15, 2014 – which was the 1st birthday of her child -- can prove that she had a pregnancy related medical condition on the date she was fired, an essential element of her prima facie case of employment discrimination.   See 42 U.S.C. § 2000e(k) ("sex" includes on account of a pregnancy related medical condition), cited in Plaintiff's Complaint ¶103.  In early May 2014 she expressed her intent to continue to pump at work, which Kennesaw Pediatrics approved; and in her testimony suggests that she would pump for an additional week or two.

The Patient Protection and Affordable Care Act ("PPACA"), which took

effect when the PPACA was signed into law on March 23, 2010 (P.L. 111-148), amended Section 7 of the Fair Labor Standards Act (FLSA).  See U.S. Department of Labor, Wage and Hour Division, Fact Sheet 73.  Under the amendment, non-exempt employees are entitled to reasonable pumping breaks up to a child's first birthday.  While Dr. Wexler was exempt from the FLSA, one issue is whether this one year limitation should inform the court's determination on whether Dr. Wexler had a pregnancy related medical condition.  Defendant has been unable to locate authority precisely on the point of when a pumping mother stops having a pregnancy related medical condition: is it when she decides to stop pumping (one, two or three plus years after birth) or some other time?

Respectfully submitted, this 18th day of January, 2017.

/s/*Carl L. Sollee*
Carl L. Sollee
Sollee Law, LLC
Ga. Bar No. 000242
1376 Sheffield Drive NE
Atlanta, GA 30329
Telephone: (404) 633-8223
Fax: (678) 623-0875
carl@solleelaw.com

Counsel for Defendant

IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EVE WEXLER,                    ) | |
| ) | Civil Action No. |
| Plaintiff          ) | 1:16-cv-01491-TCB-JSA |
| ) | |
| v.                             ) | |
| ) | |
| KENNESAW PEDIATRICS, P.C.,     ) | |
| ) | |
| Defendant        ) | |
| ) | |
| _____) | |

## CERTIFICATE OF SERVICE

This is to certify that I served this PLAINTIFF KENNESAW PEDIATRICS' MOTION AND BRIEF TO EXTEND BRIEF PAGE LIMITATION via the court's EFS to the following attorneys of record:

Shimshon Wexler
Walter J. Kruger III

I certify that the brief is in 14 point Time New Roman font.
g
On this 18th day of January, 2017.

/s/*Carl L. Sollee*
Carl L. Sollee
Sollee Law, LLC
Ga. Bar No. 000242
1376 Sheffield Drive NE
Atlanta, GA 30329

Telephone: (404) 633-8223
Fax: (678) 623-0875
carl@solleelaw.com

Counsel for Defendant