**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF  GEORGIA
ATLANTA DIVISION**

**EVE WEXLER**
                **Plaintiff,**

**v.**

**KENNESAW PEDIATRICS, P.C.**

                **Defendant.**
_____

**CIVIL ACTION FILE NO.**
  1:16-cv-01491-TCB-JSA

**DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT OF
MATERIAL FACTS AS TO WHICH THERE EXIST GENUINE ISSUES
TO BE TRIED**

Pursuant to Fed. R. Civ. P., Rule 56 and Local Rule 56, Defendant,

KENNESAW PEDIATRICS, P.C. files this DEFENDANT'S RESPONSE TO

PLAINTIFFS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE

EXIST GENUINE ISSUES TO BE TRIED**.**

Plaintiff's 175 statements and Kennesaw Pediatrics, Defendant's Responses:

**1.**        Dr. Long opened Kennesaw Pediatrics in May of 2003. [Long Dep. Pg. 86,

21-23]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the**

**summary judgment motion.**

**2.**      Dr. Brugner joined Dr. Long approximately a year and a half after he opened. [Long Dep. Pg. 87, 4-8]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**3.**      Dr. Levine worked at Kennesaw Pediatrics from the fall of 2010 until December 2011. [Levine Dep. Pg 5, 1-4]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**4.**      Dr. Seth states that Dr. Axelrod began working at Kennesaw Pediatrics in the fall of 2013. [Seth Dep Pg 11-13]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**5.**      Dr. Axelrod joined Kennesaw Pediatrics in April of 2013. [Axelrod Dep. Pg. 6, 10-13]

**DEFENDANT'S RESPONSE:**

**Defendant objects on the ground that the respondent's fact is not material.**

**6.**      Dr. Wexler began working at Kennesaw Pediatrics in late December 2013.

[Wexler Dep. Pg. 10, 4-8]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**7.**      Dr. Wexler worked pursuant to a contract which stated in part:

"The Practice may terminate Physician for cause at any time. The Practice may terminate Physician without cause upon sixty days' written notice….. "Cause" shall mean the Physician (i) fails to fulfill or maintain, for any reason, his or her obligations hereunder, including but not limited those set out in Section 4 hereof to maintain hospital staff privileges and a Georgia medical license, (ii) commits acts involving dishonesty, deceit, fraud, theft, embezzlement and the like or conviction of any felony, (iii) becomes dependent or addicted to alcohol or any drug, or (iv) fails to perform adequately his or her duties as a medical doctor, as determined in good faith by the Practice." [Doc 23-4, Employment Agreement, Para. 6]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

8.    Dr. Wexler was terminated on May 15, 2014 without being given 60 days notice.

[Wexler Dep Pg. 66, 6-16]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

9.    Both Dr. Wexler and Dr. Axelrod worked part time at Kennesaw Pediatrics when Dr. Wexler was fired. [Wexler Dep Pg. 19, 6-9]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

10.    Dr. Levine interviewed for a job at Kennesaw Pediatrics while she was pregnant. [Levine Dep. Pg. 15, 12-15]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

11.    Dr. Levine wanted a full time position but was hired for a part time position and she was told by Dr. Long she would have a full time job a few months after starting. [Levine Dep. Pg 5-6, 23-7]

**DEFENDANT'S RESPONSE:**

**The defendant objects on the ground that the respondent's fact is not material and, to the extent it refers to Dr. Long's statements, defendant objects on the grounds that it is hearsay.**

12.     Dr. Levine was never given a full time job by Kennesaw Pediatrics. [Levine Dep. Pg. 5-6, 23-9]

**DEFENDANT'S RESPONSE:**

**The defendant objects on the ground that the respondent's fact is not material. Defendant also objects that plaintiff's evidence does not support her fact.   Dr. Levine worked a full-time schedule, as she testifies to on p. 6:17-25**

13.     According to Dr. Long there is no other reason why Dr. Levine left other than that she found another job. [Long Dep Pg. 79, 11-14]

**DEFENDANT'S RESPONSE:**

**The defendant objects that ground that the respondent's fact is not material.**

14.     According to Dr. Long he made no comments to Dr. Levine that she might or would find objectionable. [Long Dep Pg. 79-80, 20-1]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

15.      Dr. Levine was hired when Dr. Long knew she would be pumping at work.

[Levine Dep. Pg 15, 18-19]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

16.      Dr. Long claims to believe that Dr. Wexler was the first breastfeeding employees he hired. [Long Dep. Pg. 8, 2-8]

**DEFENDANT'S RESPONSE:**

**Defendant objects on the grounds that the cited testimony does not support the statement.  Dr. Long's statement, "I think she would have been the first", does not support plaintiff's statement.  See also Long Dep. 8:9-14.  Defendant also objects that the alleged fact is not material.**

17.      Dr. Levine pumped in Dr. Long's office where there was a camera that she didn't know about. [Levine Dep. Pg. 19-20,2-1]

**DEFENDANT'S RESPONSE:**

**Defendant objects on the grounds that the cited testimony does not support the statement.  Levine Dep. 19:10-18.  Dr. Levine pumped in her office until she noticed the camera, not in Dr. Long's office.  Defendant further objects on the**

grounds that the testimony is not material.  Defendant further objects that the evidence is not admissible because no foundation has been laid for Dr. Levine's knowledge of Dr. Long's office.

18.      Dr. Levine took out of AFLAC insurance through Kennesaw Pediatrics in April 2011 because she wanted to get pregnant again. [Levine Dep., Pg. 8-9, 9-7]

**DEFENDANT'S RESPONSE:**

**The defendant objects on the grounds that this fact is not admissible and not material.  Dr. Levine's testimony is not admissible for the reasons set forth in defendant's Brief in Support of its Motion for Summary Judgment.**

19.      Dr. Levine did not believe that Dr. Long would learn that she had taken out AFLAC maternity insurance. [Levine Dep. Pg. 12, 18-25]

**DEFENDANT'S RESPONSE:**

**The defendant objects on the grounds that this fact is not admissible and not material.**

20.      Dr. Long learned that Dr. Levine had taken out an AFLAC insurance policy and upon learning of this told her that he didn't want to hire her full time if she was going to become pregnant. [Levine Dep., Pg. 9, 4-14]

**DEFENDANT'S RESPONSE:**

**The defendant objects on the grounds that the evidence is not admissible and is**

**not material and that respondent's evidence does not support the respondent's fact. Dr. Levine was already working for Kennesaw Pediatrics at this time (so "hire" is wrong) and she was already working a full-time schedule but did not have a full time contract. (Levine Dep. 6:17-22)**

21.     Dr. Levine responded that she "needed the money" because she has student loans and that "[she] needed to work full time" and "was going to work full-time whether [she] was pregnant or not." [Levine Dep. Pg 9, 12-18]

**DEFENDANT'S RESPONSE:**

**The defendant objects on the grounds that the evidence is not admissible and is not material.**

22.     Dr. Long stated to Dr. Levine "Why don't you go stand over by the space heater to dry up your eggs" implying that she should become infertile. [Levine Dep. Pg. 10-11, 11-1]

**DEFENDANT'S RESPONSE:**

**The defendant objects on the grounds that the evidence is not admissible and is not material and that respondent's evidence does not support the respondent's fact. Dr. Levine acknowledges that Dr. Long's alleged statement was a joke, but she does say it hurt her feelings because she was having infertility problems. See Levine Dep. 39:2; 10:22-24.**

23.      Dr. Levine believes she was discriminated against by Dr. Long when Dr.

Long refused to give her a full time position because she wanted to become pregnant.

[Levine Dep. Pg. 9-10, 4-8]

**DEFENDANT'S RESPONSE:**

**The defendant objects on the grounds that the evidence is not admissible and**

**is not material and that respondent's evidence does not support the**

**respondent's fact.  Dr. Levine was working full-time under a flexible part-**

**time contract, but she did not have a full-time guaranteed contract, which she**

**wanted.  Wexler Dep. 6:17-20.**

24.      Dr. Long discriminated against Dr. Levine by not increasing her hours when

he told her his excuse for not increasing the hours was due to her not being board

certified and him not knowing whether she had passed her boards despite another

doctor receiving more hours even though she was not board certified having failed

her boards twice and was not even waiting on results. [Levine Dep. Pg 21-22, 10- 9]

**DEFENDANT'S RESPONSE:**

**The defendant objects on the grounds that the evidence is not admissible and is**

**not material and that respondent's evidence does not support the respondent's**

**fact.**

25.      Dr. Long made a comment to Dr. Levine that he didn't want any part of a

potential candidate for a position at his practice which physician candidate would be undergoing IVF. [Levine Declaration, Ex. 15 to Kennesaw Pediatrics MSJ]

**DEFENDANT'S RESPONSE:**

**The defendant objects on the grounds that the evidence is not admissible and is not material and that respondent's evidence does not support the respondent's fact.  Dr. Levine's corrective affidavit was delivered after the close of discovery after she realized that her testimony about Dr. Verigan was false, and on that basis is inadmissible for summary judgment, because it conflicts with her deposition, see full Levine Declaration.**

26.     Based on Dr. Long's comment regarding the potential candidate, Dr. Levine believes she was discriminated against for wanting to become pregnant and that Dr. Long had an intent to discriminate. [Levine Declaration, Ex. 15 to Kennesaw Pediatrics MSJ]

**DEFENDANT'S RESPONSE:**

**Same as 25.  Plus, the plaintiff's evidence does not support her fact.**

27.     In a conversation prior to taking the job, Dr. Wexler asked Dr. Long if she could have pumping breaks. [Wexler Dep Pg. 38, 13-15]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the**

summary judgment motion.

**28.**    Dr. Long's response was immediately cold and terse: "yes, but it will affect

your bonus." [Wexler Dep Pg. 38, 16-17]

**DEFENDANT'S RESPONSE:**

**The defendant objects on the grounds that respondent's evidence does not**

**support the respondent's fact.   There is no reference to cold and terse at Wexler**

**Dep. 38:16-17.   The fact is also not material.**

**29.**    Dr. Long also told Dr. Wexler that he did not have to provide pumping breaks

to Dr. Wexler because she was a salaried employee. [Wexler Dep Pg. 38, 18-20]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the**

**summary judgment motion.**

**30.**    On her first day of work, Dr. Wexler was told that no arrangements had been

made for her pumping and if she wanted to pump she should pump in the bathroom.

[Wexler Dep. Pg 33, 16-18]

**DEFENDANT'S RESPONSE:**

**The defendant objects on the grounds that respondent's evidence does not**

**support the respondent's fact.   Wexler Dep.   33:15- 34:5.   Defendant also objects**

**on the grounds that the evidence is not admissible and not material.**

31.     According to Dr. Long, breastfeeding employees are not as profitable as non-breastfeeding employees. [Long Dep. Pg 7, 15-17]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

32.     Dr. Wexler complained to Dr. Brugner that telling her to pump breast milk in the bathroom was illegal. [Wexler SJ Decl, Para. 9]

**DEFENDANT'S RESPONSE:**

**The defendant objects on the grounds that the evidence is not admissible and is not material.  Dr. Wexler is not allowed to introduce new allegedly material facts in her new affidavit because she did not identify that as a material fact in response to discovery, but rather referred only to her past testimony, affidavit and pleadings (and the testimony about Dr. Brugner is not in the record).  .  See Wexler's Response 4, 7, & 8 to Defendant's Interrogatories, which is filed as Exhibit 1 hereto.**

33.     Dr. Long called Dr. Wexler into his office to tell her not to throw around the word illegal. [Wexler SJ Decl, Para. 11]

**DEFENDANT'S RESPONSE:**

**The defendant objects on the grounds that the evidence is not admissible and is**

**not material.  Dr. Wexler is not allowed to introduce new allegedly material facts in her new affidavit because she did not identify that as a material fact in response to discovery, but rather referred only to her past testimony, affidavit and pleadings.  See Wexler's Response 4, 7, & 8 to Defendant's Interrogatories, which is filed as Exhibit 1 hereto.**

34.     Dr. Wexler viewed this comment as a warning not to assert her right to pump and that if she spoke up again she would lose her job. [Wexler SJ Decl, Para. 11]

**DEFENDANT'S RESPONSE:**

**See Response 33.**

35.      Dr. Long instructed his assistant Shavonn Ring to accommodate Dr. Wexler's pumping breaks. [Long Dep. Pg. 21, 9-17]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

36.     Dr. Wexler emailed with Dr. Long about an AFLAC policy to cover a potential future pregnancy. [Plaintiff's Ex. 2 to Dr. Long's Deposition; Long Dep. Pg 64, 16-22]

**DEFENDANT'S RESPONSE:**

**The plaintiff's evidence does not support her fact.  There is no reference to**

**future pregnancy.**

**37.**     Dr. Wexler never asked Dr. Long about how she could achieve a productivity bonus during or prior to her employment at Kennesaw Pediatrics. [Wexler SJ Decl, Para. 12]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**38.**     She would not have asked about a productivity bonus because the contract specifically states such a bonus is not available per the contract in the first 6 months of employment. [Wexler SJ Decl, Para. 13]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**39.**     A physician is not entitled to a productivity bonus prior to six months of completed employment. [Long Dep Pg. 133, 1-16]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**40.**     Dr Brugner states that whether or not a physician takes a pumping break does

not play into the amount of a bonus she could receive. [Brugner Dep. Pg 40 , 6-11]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

41.    There was no bonus given in 2014 to the doctors at Kennesaw Pediatrics. [Long Dep Pg. 134, 1-24]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

42.    Dr. Axelrod did not receive a bonus in 2015. [Axelrod Dep pg 30, 22-23]

**DEFENDANT'S RESPONSE:**

**Defendant objects because this is not material and is not admissible because it is not relevant.**

43.    Dr. Seth did not receive a bonus in 2014 and also did not receive a bonus in 2015. [Seth Dep. Pg 37-38, 22-11]

**DEFENDANT'S RESPONSE:**

**Defendant objects because this is not material and is not admissible because it is not relevant.**

44.     Dr. Long responded to Dr. Wexler's request in which she asked for a letter stating her guaranteed salary for purposes of buying a home by replying in part that her productivity was being affected by pumping even though Dr. Wexler never asked anything regarding her productivity bonus. [Long Dep Pg. 67-72, 13-25, Pl. Exh. 5]

**DEFENDANT'S RESPONSE:**

**Defendant objects that this fact is not material.**

45.     Dr. Long claimed that Dr. Wexler was not entitled to a productivity bonus for the first 6 months of her employment. [Long Dep. Pg 14, 11-13]

**DEFENDANT'S RESPONSE:**

**Defendant objects that this fact is not material.**

46.     Dr. Long claimed that Dr. Wexler had made it very clear to him that she was very eager to get her productivity bonus and would keep asking about it and ask how to maximize it. [Dr. Long Dep. Pg 17, 11-22]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

47.     Dr. Long claims that he would not have given Dr. Wexler unsolicited advice about how to increase her productivity bonus in her first 6 months of employment. [Long Dep. Pg 17-18, 24-4]

**DEFENDANT'S RESPONSE:**

**The respondent's evidence does not support the respondent's fact.  Additionally, it is not material.**

48.     Dr. Wexler did not believe her productivity was lower because of her pumping breaks despite being told that by Dr. Long. [Wexler Dep Pg. 37-38, 11-1]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

49.     Dr. Wexler saw the same number of patients when she was assigned to the adolescent center as the other doctors. [Wexler Dep Pg. 60-61, 21-6]

**DEFENDANT'S RESPONSE:**

**Defendant objects that this fact is not admissible because Dr. Wexler has not established a foundation for it; she does not know how many patients other doctors saw.  This fact, even if admissible, is not material.**

50.     Dr. Brugner stated that Dr. Wexler kept up with her workload. [Brugner Dep. Pg 42, 7-8]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**51.**    Dr. Long gave Dr. Wexler positive reviews to her personally. [Wexler SJ Decl, Para. 14]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**52.**    During one such review when Dr. Wexler asked if her break times could be adjusted, Dr. Long asked if that was because her "breasts need to refill". While saying that, he made a rude gesture, and the statement was made in an off-hand derogatory tone. [Wexler SJ Decl, Para. 15]

**DEFENDANT'S RESPONSE:**

**The defendant objects on the grounds that the evidence is not admissible.  See Response 34.**

**53.**     Dr. Long testifies that he possibly commented to Dr. Wexler regarding the time it would take for her breasts to refill between pumping sessions. [Long Dep. Pg 20, 19- 24]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**54.**    Dr. Seth states that "everybody liked Dr. Wexler. We all really enjoyed

working with her." [Seth Dep. Pg. 57, 3-7]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

55.     On April 22, 2014, Dr. Long admonished Dr. Wexler in an email for asking about her schedule as it relates to her childcare needs. [Long Dep. Pg 73-75, 24-6, Plaintiff's Exhibit Doc. 31-12]

**DEFENDANT'S RESPONSE:**

**Defendant objects on the ground that the respondent's evidence does not support respondent's fact.  Defendant also objects on the ground that the fact is not material (plaintiff's case rests on allegations of discrimination on the basis of a pregnancy related medical condition, not child care arrangements or the schedule).**

56.     In early May 2014, Dr. Wexler met for a review of her performance at work with Doctors Long and Brugner. [Brugner Dep. P 68, 3-6]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.  This review was informal.**

57.     Doctors Long and Brugner stated that Dr. Wexler was doing well at work and

they were satisfied with her performance.

**DEFENDANT'S RESPONSE:**

**Plaintiff fails to cite the record and the fact is accordingly not admissible. However, it is true that Dr. Long gave Dr. Wexler a good review.  Dr. Brugner would not have given a review to her.**

**58.**     Dr. Long gave Dr. Wexler positive feedback in early May of 2014.(The transcript says 2013 but Dr. Wexler was still in New York at that point and it means 2014.) [Long Dep. Pg. 23-24 8-1]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**59.**     Dr. Brugner was not aware of a warning or anything that could potentially be construed to be a negative evaluation of Dr. Wexler's performance at Kennesaw Pediatrics. [Brugner Dep. P 88-89, 24-6]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**60.**     Pumping was discussed at the evaluation meeting. [Brugner Dep. P 73-74, 15-2]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

61.     Dr. Long testified that he does not recall discussing pumping breaks at all during the early May 2014 feedback session. [Long Dep. Pg. 25, 22-25]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

62.     At the meeting in early May 2014 Dr. Long became angry at Dr. Wexler because she states that she would be done pumping completely in two weeks when Dr. Long thought she was already done pumping. [Wexler Dep Pg. 65-66, 14-2]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

63.     Dr. Wexler was concerned that he would fire her right there and then. [Wexler SJ Decl, Para. 19]

**DEFENDANT'S RESPONSE:**

**The defendant objects on the grounds that the evidence is not admissible.  See Response 34.  She also does not mention this in her deposition.**

64.     Dr. Wexler was explaining that in an attempt to wean from the pump, she had already cut out one break and would be cutting the other in two weeks. [Wexler SJ Decl, Para. 20]

**DEFENDANT'S RESPONSE:**

**See 34.**

65.     Dr. Wexler thought this would make Dr. Long happy and was surprised by his angry response. [Wexler SJ Decl, Para. 21]

**DEFENDANT'S RESPONSE:**

**See 34.**

66.     Dr. Long was satisfied with Dr. Wexler's employment prior to her being fired. [Long Dep Pg. 101, 13-16]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

67.     During this May period Doctors Axelrod and Wexler, were not happy with the work environment at Kennesaw Pediatrics. [Wexler SJ Decl, Para. 23]

**DEFENDANT'S RESPONSE:**

**See 34.**

68.     On May 11, 2014, Mother's Day, Dr. Long falsely accused Dr. Wexler in an email of refusing to work. [Long Dep. Pg 77-78, 2-19, Plaintiff's Exhibit Doc. 31-13]

**DEFENDANT'S RESPONSE:**

**Defendant objects on the ground that the respondent's evidence does not support respondent's fact.  No evidence that Dr. Long falsely accused Dr. Wexler of anything.**

69.     The day after Mother's Day, they began chatting about their difficulties with the scheduling and Dr. Long's rude emails. [Wexler SJ Decl, Para. 23]

**DEFENDANT'S RESPONSE:**

**It is unclear who "they" are; presumably Dr. Wexler and Dr. Axelrod.**

70.     Dr. Long claims that Dr. Wexler was soliciting his employees and nurses specifically the nurses Maggie and Melissa to open a competing practice. [Long Dep Pg. 122-124, 22-4]

**DEFENDANT'S RESPONSE:**

**Defendant objects on the ground that the respondent's evidence does not support respondent's fact.  At Long Dep. 123:25 – 124: 4, Dr. Long states that he was worried about losing doctors and nurses.  He acknowledges that Dr. Wexler did not solicit Maggie and Melissa, the nurse managers.**

**71.** In each of their depositions, Doctors Axelrod, Wexler and Seth never mention the idea of asking any nurses to join them in their alleged solicitation activities. [Wexler Dep., Axelrod Dep., Seth Dep.]

**DEFENDANT'S RESPONSE:**

**Defendant objects on the ground that the respondent's evidence does not support respondent's fact.  No mentioning is not the same as denying.  Dr. Seth in her affidavit mentions nurses.**

**72.** Dr. Axelrod broached the idea of opening a new practice. [Wexler Dep Pg. 18, 6-9]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**73.** Dr Axelrod states that Dr. Wexler asked her if she was "ever interested in thinking about opening a practice." [Axelrod Dep. Pg 33, 9-11]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**74.** Dr. Axelrod told Dr. Wexler that her husband always suggested that she open a practice to which Dr. Wexler responded that her husband said the same thing. Dr.

Axelrod then said "we should open a practice together." [Wexler Dep Pg. 17-18, 21-2]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion; however, this testimony has hearsay in it and is objectionable on that ground.**

**75.**    Dr. Wexler viewed these conversations as a way to vent and as a way to form bonds with a co-worker. [Wexler SJ Decl, Para. 26]

**DEFENDANT'S RESPONSE:**

**See 34.**

**76.**    A dinner was contemplated which Dr. Axelrod describes as a "family dinner" while trying to discuss some of their ideas. [Axelrod Dep. Pg 53, 20-25]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**77.**    Dr Axelrod believes that while engaging in these conversations she was not in violation of her contract. [Axelrod Dep. Pg 41, 2-9]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the**

**summary judgment motion. The court may consider Axelrod 45:11-16.**

**78.**     Dr Axelrod stated that conversations with Dr. Wexler related to if she was ever interested in thinking about opening a practice occurred once or twice. [Axelrod Dep Pg 34, 5-22]

**DEFENDANT'S RESPONSE:**

**Defendant objects on the ground that the respondent's evidence does not support respondent's fact.  Plaintiff has twisted the wording; Dr. Axelrod is clear that Dr. Wexler solicited her.**

**79.**     Dr. Axelrod then said "we should do it, we should open a practice together!" [Wexler SJ Decl, Para. 25]

**DEFENDANT'S RESPONSE:**

**This is not admissible because it is hearsay.  Plus it is inconsistent with Wexler Dep. 18:1-2.**

**80.**     Dr. Axelrod states that there was nothing wrong with engaging in conversations about thinking about being interested in opening a practice. [Axelrod Dep. Pg  39-40, 5-5]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**81.**     Dr. Axelrod did not believe there was anything wrong with choosing a

location for a hypothetical practice. [Axelrod Dep, Pg 39-40, 5-5]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the**

**summary judgment motion.**

**82.**      Dr. Wexler and Dr. Axelrod discussed the possibility of opening a new

practice together. [Wexler Dep Pg. 17, 16-18]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the**

**summary judgment motion.**

**83.**     The discussion lasted less than one minute. [Wexler Dep Pg. 70, 16-18]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the**

**summary judgment motion.**

**84.**     There weren't serious or casual plans to open a new practice. [Wexler Dep Pg.

68-69, 23-3]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the**

**summary judgment motion.**

**85.**     Dr. Wexler was intrigued by this idea. [Wexler Dep Pg. 20, 24-25]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**86.**     In relation to the alleged solicitation activities, no specific dates for opening up a practice were mentioned, no insurance needs were discussed, no rent for the proposed location was discussed, no background research was conducted regarding opening a practice, no request was made to open a practice, no jobs were offered, no one was asked to leave their current position, no one was offered a job, neither Dr. Axelrod nor Dr. Wexler had a practice. [Wexler Dep Pg. 115-117, 19-23]

**DEFENDANT'S RESPONSE:**

**The defendant objects that this fact is not admissible because it is unclear what is actually being said; the defendant further objects that the use of "solicitation activities" [1st line of 86] is not supported by the record.  The court may consider testimony at Wexler Dep. 115-117, 19-23 and Axelrod 34:16-17, 38:15-17, 40:13-19.**

**87.**     Dr Axelrod states that she was not offered a job by Dr. Wexler. [Axelrod Dep Pg 54, 1-2]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

88.     Dr Axelrod states that she was not told to quit her job. [Axelrod Dep Pg 54, 3-5]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

89.     Dr Axelrod states that Dr. Wexler did not have a job for Dr. Axelrod which she may have been interested in. [Axelrod Dep Pg 54, 9-11]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

90.     Dr Axelrod states that no details of opening a new practice were discussed. [Axelrod Dep Pg 54, 12-14]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

91.     Dr. Axelrod states that Dr. Wexler did not lie, cheat or steal. [Axelrod Dep Pg 54, 18-19]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

92.     Dr. Long's letter and separation agreement only mentions solicitation as the reason for firing but does not mention lying. [ Defendant's Ex. 22 to Motion for Summary Judgment, Doc. 23-22, pages 3-4 of 12]

**DEFENDANT'S RESPONSE:**

**Defendant objects on the ground that the respondent's evidence does not support respondent's fact.  The letter states that "your actions were a breach of your contract as well as your duties of loyalty and faithful service" with out specifying the precise reason.  The proposed draft, unsigned separation agreement identities solicitation as the reason.**

93.     Dr. Axelrod did not believe that Dr. Wexler did anything unethical while working at Kennesaw Pediatrics. Axelrod Dep Pg 32, 10-13]

**DEFENDANT'S RESPONSE:**

**Defendant objects that this fact is not material.**

94.      Dr Axelrod testifies that "thinking of working somewhere else doesn't mean I'm going to leave where I am. It's just a thought." [Axelrod Dep Pg 15 3-5]

**DEFENDANT'S RESPONSE:**

**Defendant objects that this fact is not material.**

95.     Dr. Axelrod does not recall who decided that they were to include Dr. Seth in their conversations related to potentially thinking about opening a practice. [Axelrod Dep, Pg 40-41 22-1]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

96.     Dr. Axelrod sent an email to Dr. Wexler requesting of her to ask Dr. Seth if she had ever thought about opening her own practice. [Wexler Dep Pg. 21, 7-10]

**DEFENDANT'S RESPONSE:**

**The defendant objects that plaintiff's fact is not supported by the evidence.**

97.     Dr. Wexler had never approached Dr. Seth about the idea of opening a practice prior to this time. [Seth Dep. Pg. 16, 8-12]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

98.     Dr. Seth did not believe that Dr. Wexler had violated her contract when she approached her about the potential idea of opening a practice. [Seth Dep. 66, 3-14]

**DEFENDANT'S RESPONSE:**

**The defendant objects that this fact is not material.**

99.      The only prohibition that came into Dr. Seth's mind when Dr. Wexler approached her about the potential idea of opening a new practice was that she couldn't open one within a certain radius of Kennesaw. [Seth Dep pg. 65-66, 6-16]

**DEFENDANT'S RESPONSE:**

**The defendant objects that this fact is not material.**

100.      Dr Wexler specifically stated "this is just a dream when Dr. Seth asked for details." [Wexler SJ Decl, Para. 31]

**DEFENDANT'S RESPONSE:**

**See 34.  In her deposition, this is not what Dr. Wexler testifies she said.  Wexler Dep. 21:4-24.**

101.      Dr. Wexler did not take Dr. Axelrod's proposal seriously. [Wexler Dep Pg. 21, 1-3]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

102.      In relation to the alleged solicitation activities, no specific dates for opening

up a practice were mentioned, no insurance needs were not discussed, no rent for the proposed location was discussed, no background research was conducted regarding opening a practice, no request was made to open a practice, no jobs were offered, no one was asked to leave their current position, no one was offered a job, neither Dr. Axelrod nor Dr. Wexler had a practice. [Wexler Dep Pg. 115-117, 19- 23]

**DEFENDANT'S RESPONSE:**

**Defendant objects that the evidence does not support plaintiff's fact, but the court may consider the cited testimony.  Defendant objects that the fact is too vague as to what is meant by solicitation activities and it does not specify who is involved.**

103.    Dr. Axelrod and Dr. Wexler had the same position at Kennesaw Pediatrics, "they're pretty much equivalent. They're both part time. They're both general pediatricians. They perform the same functions." [Long Dep Pg. 58, 20-25]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

104.    Dr. Axelrod states that Dr. Wexler was called into Dr. Long's office where she was fired before he called Dr. Axelrod on the phone to find out what happened. [Axelrod Dep Pg 43, 11-17, Pg 71, 5-14]

**DEFENDANT'S RESPONSE:**

**The defendant objects that the statement is not supported by the record.**

105.    Dr. Axelrod and Dr. Wexler both worked 2 days per week at the time Dr. Wexler was fired. [Axelrod Dep. Pg. 68, 21-24]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

106.    Dr. Axelrod testifies that she had an identical position to Dr. Wexler, they were classified exactly the same as salaried staff pediatricians and had the same supervisor of Dr. Long. [Axelrod Dep Pg 23-26, 10-8]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

107.    Neither Dr. Axelrod nor Dr. Wexler was doing rounding at the hospital when Dr. Wexler was fired. [Axelrod Dep Pg 28-29, 5-2]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

108.    Dr. Axelrod and Dr. Wexler had the same position at Kennesaw Pediatrics,

"they're pretty much equivalent. They're both part time. They're both general pediatricians. They perform the same functions." [Long Dep Pg. 58, 20-25]

**DEFENDANT'S RESPONSE:**

**See 103, same statement. The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

109.    Dr. Long testified that there is no formal policy into investigating whether an employee has breached her contract or committed a misdeed. [Long Dep. Pg 32, 18-22]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

110.    Dr. Long states that on May 15, 2014 one of his employees told him that he needed to speak with Dr. Seth. [Long Dep. Pg 36, 1-5].

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

111.    Dr. Long states that shortly after he called and left a message for Dr. Seth to come into his office and talk to him, she did. [Long Dep. Pg 36, 12-24]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

112.   Dr Long states that on May 15, 2014 Dr. Seth came into his office and he claims that she said "Mark, I know you're planning a retreat to Mexico for all of us and you need to understand something. You're not aware of this and I just feel awful. I just feel awful. Dr. Wexler approached me about starting her own practice and she wanted me to join her and Dr. Axelrod in going off and starting this new practice and she intends to ask some of your nurses to quit and leave with them too. [Long Dep. Pg 36, 15-23]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

113.   Dr. Long then states that he asked her to tell him more about the conversation and claims that Dr. Seth responded "well, I don't know a lot. Dr. Wexler approached me and she told me about the plan and she wanted to sit down and have a sitdown dinner with her and Dr. Axelrod to formalize the plan and discuss it in details and figure out all the details. Well, when is this dinner? Well, we don't have an exact date yet, et cetera." [Long Dep. Pg 37, 1-8]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

114.    Dr. Seth testifies that this conversation did not occur. [Seth Dep. Pg 33-36, 13-7]

**DEFENDANT'S RESPONSE:**

**The defendant objects that the fact is not supported by plaintiff's evidence.**

115.    Rather, Dr. Seth testifies that Dr Long called her on the phone and asked her a yes or no question "Did Dr. Wexler ask you to leave the practice with her?" to which she claims to have said "yes". [Seth Dep. Pg 20, 4-11, Pg 79, 3-13]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

116.    Dr. Long claims that he spoke to Doctors Seth, Axelrod and Wexler about the alleged solicitation activities on the same day. [Long Dep Pg. 39, 1-4]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

117.    Dr. Seth says in her affidavit that she spoke to Dr. Long the day after the

alleged solicitation activities. [Seth Aff. Para 7-8 Doc. 23-9 page 4 of 4]

**DEFENDANT'S RESPONSE:**

**The defendant objects that this fact is not material.**

118.    Dr. Seth says in her deposition that she spoke to Dr. Long on the same day as her solicitation activities. [Seth Dep. Pg. Pg 140-41, 11-6]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

119.    Dr. Seth states that Dr. Long did not ask her for any corroborating evidence on the yes or no call with Dr. Long. [Seth Dep. Pg 79, 10-13]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

120.    Dr. Long claims that after speaking with Dr. Seth he asked Dr. Axelrod whether she had had any discussions about leaving the practice and starting her own practice to which she responded yes and stated that she had had discussion with Dr. Wexler. [Long Dep. Pg. 37, 9-15]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the**

**summary judgment motion.**

**121.**      Dr. Long claims that Dr. Axelrod told him that she and Dr. Wexler decided to

approach Dr. Seth and Dr. Wexler was going to carry that out. [Long Dep. Pg. 37, 14-

21]

**DEFENDANT'S RESPONSE:**

**The defendant objects that the plaintiff's fact is not supported by the record**

**evidence.**

**122.**      Dr. Long claims that he asked Dr. Axelrod whether she was going to carry

out the plan to which Dr. Axelrod responded there was no official plan and then Dr.

Long hung up the phone. [Long Dep Pg. 37-38, 22-2]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the**

**summary judgment motion.**

**123.**      Dr Axelrod states that Dr. Long called her and asked "if anyone had

approached [her] to discuss about opening a practice."[Axelrod Dep. Pg 43, 21-23]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the**

**summary judgment motion.**

**124.**      Dr. Axelrod states that she told Dr. Long on that phone call that Dr. Wexler

had and that "an idea about opening an office without having to do hospital rounds" was discussed. [Axelrod Dep Pg 44, 2-7]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

125.    Dr. Axelrod stated that they had no plan to open a practice. [Axelrod Dep. Pg 44, 2-7]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

126.    Dr Axelrod stated that the call lasted 10 or 15 minutes and on that call Dr Axelrod only told Dr. Long about the idea that her and Dr. Wexler were planning on discussing and stating that they had no plan to open a practice. [Axelrod Dep. Pg 43-45, 21-10]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

127.    Dr. Axelrod did not think that Dr. Long thought that she was serious about her idea to open a practice with Dr. Wexler. [Axelrod Dep. Pg 45, 13-22]

**DEFENDANT'S RESPONSE:**

**The defendant objects that plaintiff's fact is not supported by the evidence.**

**128.** Dr. Long did not ask for any corroborating evidence or emails from Dr. Axelrod regarding the alleged solicitation activities because it "didn't occur to me" to ask for them. [Long Dep Pg. 39, 25-6]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**129.** According to Dr. Long, Dr. Axelrod solicited. [Long Dep Pg. 44, 8-9]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**130.** Dr. Long claims that he could have fired Dr. Axelrod for cause for what she did. [Long Dep Pg. 58, 4-6]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**131.** Dr. Long claims that he believed that Dr. Axelrod was genuinely sorry that she had engaged in solicitation activities and that was why he was no longer

concerned about Dr. Wexler's potential solicitation activities. [Long Dep Pg. 56, 14-19]

**DEFENDANT'S RESPONSE:**

**The court may consider the first line of 131; the defendant objects to the rest of it on the ground that it is confusing and not material.**

132.    Dr. Axelrod was not genuinely sorry for her alleged solicitation activities as she believed she had done nothing wrong by what she did. [Axelrod Dep. Pg 39- 40, 5-5]

**DEFENDANT'S RESPONSE:**

**The defendant objects that plaintiff's fact is not supported by the evidence and in fact Dr. Axelrod testified that she was concerned about her job, stating, "I remember thinking that he could fire me". (Axelrod 45:11-16)**

133.    Dr. Seth believes that Dr. Wexler should have been contacted while in the presence of a third party when discussing accusations related to her potential idea about opening up a practice. [Seth Dep.68-70, 11-17]

**DEFENDANT'S RESPONSE:**

**The defendant objects that this fact is not material.**

134.    Dr. Long testifies that the phone call he had on which he fired Dr. Wexler could have lasted 30 seconds or 6 hours. [Long Dep. Pg 35, 3-4, Pg 42-43, 14-16]

**DEFENDANT'S RESPONSE:**

**The defendant objects that plaintiff's evidence does not support the plaintiff's fact; at Long Dep. 34:21 he says the call did not last very long.  The defendant also objects that plaintiff's fact is not material**

135.    Dr. Wexler testifies that it was a very brief conversation. [Wexler Dep Pg. 23, 8-10]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

136.    Kennesaw Pediatrics' phone number is 770-429-1005. [Long Dep. Pg 35, 22-25]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

137.    Subpoenaed Phone records show the longest call that day between the 2 numbers lasted 2 minutes and 41 seconds. [AT&T Subpoena]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**138.**    Dr. Long claims that he called Dr. Wexler. [Long Dep Pg. 38, 3]

**DEFENDANT'S RESPONSE:**

**The defendant objects that this fact is not material.**

**139.**    Phone records obtained from AT&T show that Dr. Wexler called Dr. Long on the 2 minute and 41 second call. [AT&T Subpoena]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**140.**    Dr. Long claims that he had a conversation with Dr. Wexler in which she told him that she had not made any plans or attempts to leave the practice and take employees with her. [Long Dep Pg. 38, 4-15]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**141.**    Dr. Long fired Dr. Wexler on May 15, 2014 without giving her an opportunity to respond to his allegations of solicitation accusations. [Wexler Dep Pg. 66, 6-16]

**DEFENDANT'S RESPONSE:**

**The defendant objects that plaintiff's fact is not supported by the evidence.  Dr.**

Case 1:16-cv-01491-TCB   Document 41   Filed 03/24/17   Page 45 of 57


**Wexler, later in her deposition, testifies that she started to say "That's not" in response to Dr. Long's questioning and she also testifies that she called Dr. Long back about whether she wanted just to be fired or wanted a separation agreement.  Wexler Dep. 102:2 – 103:16.**

142.     Dr. Long then claims that he told Dr. Wexler that he believed her to be lying and didn't trust any of her answers and that she was formally terminated. [Long Dep Pg. 38, 15-17]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

143.     Dr. Long did not ask for any emails or corroborating evidence from Dr. Wexler. [ Wexler SJ Decl. Para  37]

**DEFENDANT'S RESPONSE:**

**The defendant objects that this fact is not material.**

144.     According to Dr. Long, he made the decision to terminate Dr. Wexler on this phone call which lasted from 30 seconds to 6 hours. [Long Dep Pg. 42-44, 19-3]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for "According to Dr. Long, he made the decision to terminate Dr. Wexler on this phone call."  But**

not "which lasted from 30 seconds to 6 hours" because the evidence does not support plaintiff's fact.

145.    According to Dr. Long, he would not have fired Dr. Wexler had Dr. Wexler solicited but not denied it. [Long Dep Pg. 44, 4-17]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

146.    According to Dr. Long, he would not have fired Dr. Wexler had Dr. Wexler done what Dr. Axelrod did. [Long Dep Pg. 44, 4-17]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

147.    Dr. Long took no notes and did not create any file of the events that happened on May 15, 2014. [Long Dep Pg. 78-79, 20-4]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

148.    According to Dr. Long, Dr. Wexler would not have been fired had she solicited other employees at Kennesaw Pediatrics but told the truth about it. [Long

Dep Pg. 49, 21-24]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

149.    According to Dr. Long, Dr. Wexler was very serious about her solicitation activities. [Long Dep Pg. 50, 18-21]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

150.    Dr. Long was not concerned about Dr. Wexler soliciting his employees after she had been fired. [Long Dep Pg. 56, 9-13]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

151.    Dr. Long did not seek any form of injunctive relief to prevent Dr. Wexler from engaging in solicitation activities even though he had that option. [Long Dep Pg. 52-56, 14-19]

**DEFENDANT'S RESPONSE:**

**The defendant objects that this fact is not material.**

152.    Dr. Long disputes the deposition testimony of Dr. Wexler regarding what she said on the phone in the termination phone call. [Long Dep Pg. 130-132, 21- 10]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

153.    Dr. Long would not interpret the words "that's not" as a denial of allegations "because that's a fraction of a sentence." [Long Dep Pg. 132, 2-7]

**DEFENDANT'S RESPONSE:**

**The defendant objects that the plaintiff's evidence does not support plaintiff's fact.  The defendant further objects that this fact is not material.**

154.    Dr. Wexler claims that all she was able to say is "that's not" to allegations of Dr. Long on the termination phone call. [Wexler Dep. Pg 102, 18-21]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

155.    Dr. Long did not ask about Dr. Wexler's conversation with Dr. Seth. [Wexler Dep Pg. 22, 10-12]

**DEFENDANT'S RESPONSE:**

**The defendant objects that the plaintiff's evidence does not support plaintiff's fact.  The defendant concedes that Dr. Long did not mention Dr. Axelrod by name in the conversation.**

**156.**     Dr. Long did not ask about Dr. Wexler's conversation with Dr. Axelrod. [Wexler Dep Pg. 22, 10-12]

**DEFENDANT'S RESPONSE:**

**The defendant objects that the plaintiff's evidence does not support plaintiff's fact.  The defendant concedes that Dr. Long did not mention Dr. Seth by name in the conversation.**

**157.**     Dr. Long fired Dr. Wexler without giving her the opportunity to have a discussion or conversation with him. [Wexler Dep Pg. 22, 20-21]

**DEFENDANT'S RESPONSE:**

**The defendant objects that the plaintiff's evidence does not support plaintiff's fact.  See Wexler Dep. 102:2 – 103:16.**

**158.**     According to Dr. Wexler, Dr. Long was clearly extremely upset that Dr. Wexler was still pumping when he thought she was done and fired Dr. Wexler for something that she had not done. [Wexler Dep Pg. 67, 10-21]

**DEFENDANT'S RESPONSE:**

**The defendant objects that the plaintiff's evidence does not support plaintiff's**

**fact.  Dr. Wexler clearly testified in her deposition that she at least in directly solicited Dr. Seth.  Wexler Dep. 21:4-17.  At Wexler Dep. 69:7-16, Dr .Wexler admits to discussing opening an office with Dr. Axelrod.  At Wexler Dep. 119:13-22, and 67:22 – 68:22.**

**159.**     Dr. Long interrupted Dr. Wexler and did not give her the opportunity to respond to the accusations regarding the alleged solicitation activities. [Wexler Dep Pg. 69, 17-23]

**DEFENDANT'S RESPONSE:**

**The defendant objects that the plaintiff's evidence does not support plaintiff's fact.  See Wexler Dep. 102:2 – 103:16.**

**160.**     Dr. Wexler believes that she was fired because Dr. Long was upset that Dr. Wexler was still taking pumping breaks and he was "aghast and upset about it when he found out. A week later, [Dr. Wexler] was fired for what seems to be a made up reason." [Wexler Dep Pg. 119, 13-22]

**DEFENDANT'S RESPONSE:**

**Dr. Wexler's beliefs about why she was fired are not material.  But the testimony at 19:13-22 is admissible for some facts; defendant cited it in its MSJ Brief and above in 158.**

**161.**     Dr. Brugner states that Dr. Axelrod would have been fired for committing the

same misconduct as Dr. Wexler.[Brugner Dep. Pg 81, 19-24]

**DEFENDANT'S RESPONSE:**

**162.     See 163.**

**163.     Dr. Brugner states that Dr. Axelrod would have been fired for doing what Dr. Wexler did.[Brugner Dep. Pg 81, 19-24]**

**DEFENDANT'S RESPONSE:**

**The defendant objects that this fact is not material.  The defendant further objects that this fact is not admissible because Dr. Brugner is not the medical director, officer, director, owner or manager of Defendant and plaintiff has not laid a foundation showing that Dr. Brugner is authorized to speak on behalf of defendant.  Defendant concedes that she is a long term, now part-time employee whose work, help and option the practice values.**

**164.     Dr. Brugner states that she is not aware of anyone who violated the contract.[Brugner Dep. Pg 76, 9-15]**

**DEFENDANT'S RESPONSE:**

**See 163.**

**165.     Dr. Brugner states that the only thing that she knows about Dr. Long's motives in firing Dr. Wexler was that "he was concerned that she was soliciting physicians to try to take them away from his practice, to a different practice."**

[Brugner Dep. Pg 60-62, 17-7]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

166.    Dr. Brugner states that the only negative thing that Dr. Long told her about was that she was "soliciting other physicians to try to start a new practice". [Brugner Dep. Pg 58, 15-24]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

167.    Dr. Brugner states that it is her understanding that had Dr. Wexler "not approached other physicians regarding opening up a new practice, she would not have been fired." [Brugner Dep. Pg 23, 13-18]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

168.    Dr Brugner never states anywhere in her deposition that Dr. Wexler's lying, comments or statements which were related to her solicitation activities caused her to be fired. [Brugner Dep.]

**DEFENDANT'S RESPONSE:**

**See 163.**

**169.**     Dr. Axelrod believes that Dr. Wexler was fired because "Dr. Long felt she was going to try to open up her own practice and maybe take some of the physicians away." [Axelrod Dep. Pg 57, 4-8]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**170.**     Dr. Axelrod believes that she was not fired because Dr. Long did not feel she was going to try to open up her own practice. [Axelrod Dep. Pg 57, 9-11]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**171.**     Dr. Axelrod believes that Dr. Long told Dr. Wexler that she was fired because she was soliciting his physicians to open a new practice. [Axelrod Dep Pg 32-33, 18-6]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the summary judgment motion.**

**172.**     Dr. Axelrod does not know the official reason why Dr. Wexler was fired.

[Axelrod Dep Pg 47, 2-3]

**DEFENDANT'S RESPONSE:**

**The court can properly consider the respondent's evidence for purposes of the**

**summary judgment motion.**

**173.**     Dr. Wexler never spoke with another employee at Kennesaw Pediatrics other

than Doctors Axelrod and Seth about the thought of opening a new practice.

**DEFENDANT'S RESPONSE:**

**The defendant objects that this fact is not material and objects on the basis that**

**the plaintiff's fact is not supported by the evidence (she cites none).**

**174.**     Dr. Long testifies that Dr. Wexler's replacement--- Dr. Stokes--- was charged

with a drug DEA felony after she was hired. [Long Dep. Pg 28-31, 13-9]

**DEFENDANT'S RESPONSE:**

**The defendant objects that this fact is not material.**

**175.**     Dr. Long testifies that he does not know anything about the allegations into

the misconduct by Dr. Stokes other than by what is in the media. [Long Dep.Pg. 28,

15-22]

**DEFENDANT'S RESPONSE:**

**The defendant objects that this fact is not material.**

**176.**    Dr. Stokes currently is still employed at Kennesaw Pediatrics. [Long Dep Pg.

138-140, 13-6]

**DEFENDANT'S RESPONSE:**

**The defendant objects that this fact is not material.**


        Respectfully submitted this 24th day of March, 2017.


                              /s/Carl L. Sollee_____
                              Carl L. Sollee
                              GA Bar No: 000242
                              Counsel for the Defendant
                              Kennesaw Pediatrics, P.C.
                              Sollee Law, LLC
                              1376 Sheffield Drive, NE
                              Atlanta, GA 30329
                              Telephone: 678-358-5348
                              carl@solleelaw.com

IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **EVE WEXLER,** | ) | |
| | ) | **Civil Action No.** |
| **Plaintiff** | ) | **1:16-cv-01491-TCB-JSA** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KENNESAW PEDIATRICS, P.C.,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I served this DEFENDANT'S RESPONSE TO

PLAINTIFFS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE

EXIST GENUINE ISSUES TO BE TRIED via the court's EFS to the following

attorneys of record:

> Shimshon Wexler
> Walter J. Kruger III

I certify that the brief is in 14 point Time New Roman font.

On this 24th day of March, 2017.

> /s/*Carl L. Sollee*
> Carl L. Sollee
> Sollee Law, LLC
> Ga. Bar No. 000242

1376 Sheffield Drive NE
Atlanta, GA 30329
Telephone: (404) 633-8223
Fax: (678) 623-0875
carl@solleelaw.com

Counsel for Defendant