**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION**

| | | |
|---|---|---|
| EVE WEXLER, | ) | |
| | ) | Civil Action No. |
| Plaintiff | ) | 1:16-cv-01491-TCB-JSA |
| | ) | |
| v. | ) | |
| | ) | |
| KENNESAW PEDIATRICS, P.C., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANT'S RESPONSE BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION TO STRIKE**

COMES NOW Defendant Kennesaw Pediatrics, P.C. and files this Defendant's Response Brief in Opposition to Plaintiff's Motion to Strike. Plaintiff's motion to strike was filed on June 1, 2017 at Doc. 48, alleging that Defendant's Objections [doc 47] did not comply with the page limitation set forth in Judge Batten's Instructions to Parties and Counsel, ¶14.

Magistrate Judge Anand issued an Order [doc 43] dated May 2, 2017 that provided reasonably detailed instructions with respect to the preparation of objections to his Order and Report and Recommendation [doc 42] ("R&R"). This Order [doc 43] and its instructions do not impose a page length limitation on

defendant's objections (perhaps because the R&R itself is 62 pages in length). Defendant inferred that the question of page length was under the direction of Judge Anand, who did not impose a page length.

Under Standing Order No. 14-01 dated August 15, 2014, the question of page limitation on objections is a "pre-trial" matter that is to be decided by the Magistrate Judge.  See p. 1 of Standing Order No. 14-01 ("The District Court designates the Magistrate Court . . . to hear and decide any pre-trial matter . . ."). Since the Magistrate Judge did not impose a limitation, defendant did not clearly err by filing objections [doc 47] in excess of 25 pages.

Defendant did review the Rules of Civil Procedure, the Local Rules and Magistrate Judge Anand's Scheduling Order [doc 10], the R&R [doc 42] and the May 2, 2017 Order [doc 43] in search of a page limitation for objections and found none.  While Defendant had previously read Judge Batten's Instructions when the case commenced some time ago, it did not reread those Instructions in connection with the preparation of its objections.  Defendant regrets this omission.

Defendant's counsel recently filed a motion for summary judgment in *James Smart v. DeKalb County, Georgia*, Civil Action No. 1:16-cv-0826-WSD-JFK on behalf of plaintiff James Smart.  Judge Duffey's Instructions [p. 6-7] provide that the parties shall hand deliver to the court a paper copy of an appendix with tabs

2

corresponding to numbered statements of material facts, in support of each statement of fact, in addition to the regular electronic filing. Counsel inquired as to whether it was necessary to comply with this rule or not, and was told that it was acceptable to simply comply with Magistrate Judge King's scheduling and related orders. Since those did not require a hand delivered paper copy with tabs, none was required to be filed. Reasoning by analogy suggests that because defendant Kennesaw Pediatrics acted within the scope of Judge Anand's orders, it therefore acted permissibly. Defendant's failure to restudy Judge Batten's Instructions, or specifically inquire as to page length limitations, was influenced by this recent experience. This recent experience suggests that defendant's reading of Standing Order 14-01 is correct.

Defendant observes that the R&R [doc 42] is 62 pages long and complex. For objections to be effective they must be detailed and specific under Fed.R.Civ.P. 72(b)(2); otherwise, the R&R is simply adopted. It is very difficult to imagine how proper objections to the lengthy R&R could be presented in only 25 pages. Defendant believes that its Objections [doc 47] are helpful to the Court and should be accepted in their entirety. In the alternative, defendant requests that it be allowed to re-file its Objections with a page length deemed helpful and acceptable to the Court under the present circumstances.

RESPECTFULLY SUBMITTED,

Dated June 13, 2017.

/s/*Carl L. Sollee*
Carl L. Sollee
Sollee Law, LLC
Ga. Bar No. 000242
1376 Sheffield Drive NE
Atlanta, GA 30329
Telephone: (404) 633-8223
Fax: (678) 623-0875
carl@solleelaw.com

Counsel for Defendant

IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EVE WEXLER, | ) | |
| | ) | Civil Action No. |
| Plaintiff | ) | 1:16-cv-01491-TCB-JSA |
| | ) | |
| v. | ) | |
| | ) | |
| KENNESAW PEDIATRICS, P.C., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| _____ | ) | |

## **CERTIFICATE OF SERVICE**

This is to certify that I served this **DEFENDANT'S RESPONSE BRIEF**

**IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** via the court's

electronic filing system to the following attorney of record:

Shimshon Wexler
GA Bar No 436163
315 W Ponce de Leon Ave Suite 250
Decatur, GA  30030

I further certify that defendant's Response was prepared in 14 point Times

New Roman font.

On this 13th day of June, 2017.

/s/*Carl L. Sollee*
Carl L. Sollee

Sollee Law, LLC
Ga. Bar No. 000242
1376 Sheffield Drive NE
Atlanta, GA 30329
Telephone: (404) 633-8223
Fax: (678) 623-0875
carl@solleelaw.com

Counsel for Defendant

Walter J. Kruger III
Fisher & Phillips LLP
1075 Peachtree Street, NE
Suite 3500
Atlanta, GA 30309
Telephone: (404) 240-4233
wkruger@fisherphillips.com

Counsel for Defendant